UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MARGARET GODFREY, GEORGE IMBURGIA,      CIVIL ACTION NO.:
JOHN BOOTH AND JOSEPH ROSSINI,
                                        **'05 CIV 10507**

                  Plaintiff,           **COMPLAINT**

     -against-                          **Judge McMahon**

TIMOTHY IDONI, NOAM BRAMSON,
MARIANNE L. SUSSMAN, ROBERTO LOPEZ,
JAMES C. STOWE, JOHN M. QUINLAN,
MICHAEL E. BOYLE, JR. AND THE CITY
OF NEW ROCHELLE,

                  Defendants.
----------------------------------X

PLAINTIFFS, complaining of the defendants, by their attorneys, BELAIR & EVANS LLP respectfully set forth to this Court and allege:

### THE PARTIES

1.   Plaintiffs are residents of the CITY OF NEW ROCHELLE, New York (hereinafter "NEW ROCHELLE"), and pay real estate property taxes and other taxes to NEW ROCHELLE.

2.   Defendants TIMOTHY IDONI, NOAM BRAMSON, MARIANNE L. SUSSMAN, ROBERTO LOPEZ, JAMES C. STOWE, JOHN M. QUINLAN and MICHAEL E. BOYLE, JR. at all relevant times were, respectively, the Mayor of NEW ROCHELLE and members of the NEW ROCHELLE City Council.

3.   Defendant CITY OF NEW ROCHELLE at all relevant times was and still is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

1

4.    Plaintiffs bring this action challenging the illegal adoption and enactment of a resolution by the NEW ROCHELLE City Council on May 19, 2005, extending health insurance benefits to "domestic partners": certain narrowly defined members of the same household of certain NEW ROCHELLE employees, commonly referred to as the "Domestic Partners Legislation" (hereinafter "DPL").

4a.    The narrow definition of domestic partners of the DPL effectively excludes all same sex members of the same household except homosexuals.

5.    The DPL went into effect on January 1, 2001.

6.    That this court has jurisdiction of this action pursuant to 28 U.S.C. §1331 in that there are asserted herein causes of action arising under the Constitution, laws and treaties of the United States of America.

7.    The DPL, as enacted, is violative, among other federal laws, of the Constitution of the United States of America, Article VI ("Supremacy Clause"); The Constitution of the United States of America, Amendment XIV, Section 1 (Equal Protection Clause"); the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); The Family and Medical Leave Act ("FMLA"); the Employee Retirement Income Security Act ("ERISA"); the Public Health Services Act ("PHSA"), the Internal Revenue Code and the Defense of Marriage Act ("DOMA").

2

8.   Insofar as there are claims contained in this complaint arising under laws other than federal law, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367, as all the claims in this complaint arise out of the NEW ROCHELLE City Council's May 19, 2005 adoption of the DPL, which is violative of those provisions of the Constitution and laws of the United States of America.

9.   That the DPL insurance benefits thus conferred were directfully funded by municipal taxes.  The benefits constitute an identifiable, quantifiable, ongoing and potentially increasing quantum of funds of which plaintiff municipal taxpayers have been deprived by the illegal acts of defendants.

10.   Plaintiff municipal taxpayers therefore seek to enjoin these expenditures which are significant, determinable, continuing, proximate, certain and have an effect on future taxes.

11.   The DPL is an employment benefit.

12.  The DPL provides, in pertinent part, that "domestic partner" households shall be extended health insurance benefits previously extended only to married NEW ROCHELLE employees; while non-homosexual same sex domestic partner households shall not be extended said benefits.

3

## **AS AND FOR A FIRST CAUSE OF ACTION**

13.  Plaintiffs repeat, reiterate and reallege each and every prior allegation with the same force and effect as if herein set forth at length.

14.  The Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the Family and Medical Leave Act ("FMLA") 29 U.S.C §2611 et seq., and other Federal laws apply to NEW ROCHELLE employment benefits.

15.  Internal Revenue Code § 4980B applies to "qualified beneficiaries" as defined by COBRA.

16.  COBRA defines and limits qualified beneficiaries to plan participants (employees), spouses and dependent children. Internal Revenue Code §152 (1986).

17.  COBRA was amended in the 1996 Health Reform Bill to add "a child born to, adopted by, or placed for adoption with covered employees" as qualified beneficiaries; but no amendments have ever been made or even considered for "domestic partners".

18.  "Domestic partners" as defined by NEW ROCHELLE are ineligible for statutory COBRA coverage.

19.  NEW ROCHELLE lacks the authority to amend COBRA, the FMLA or the Internal Revenue Code.

20.  Thus, the DPL is violative of Federal legislation and, pursuant to that portion of the Constitution of the United States, Article VI, commonly known as the "Supremacy Clause", fails as unconstitutional.

4

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiffs repeat, reiterate and reallege each and every prior allegation with the same force and effect as if herein set forth at length.

22. Congress enacted COBRA to provide temporary health insurance continuation coverage through amendments to both ERISA and PHSA 42, U.S.C.§§300bb-1 et seq.

23. ERISA and PHSA apply to NEW ROCHELLE employment benefits.

24. PHSA fills the coverage gap concerning plan beneficiaries.

25. PHSA defines a "qualified beneficiary" as "the spouse of the covered employee or . . . the dependent child of the employee" 42 U.S.C. §300bb-8(3)(A).

26. NEW ROCHELLE seeks to include "domestic partners" as qualified beneficiaries.

27. NEW ROCHELLE has no authority to unilaterally amend the definition of the term "qualified beneficiary" as defined in ERISA or the PHSA.

28. Thus, the DPL is violative of Federal legislation and, pursuant to that portion of the Constitution of the United States, Article VI, commonly known as the "Supremacy Clause", fails as unconstitutional.

## AS AND FOR A THIRD CAUSE OF ACTION

29.  Plaintiffs repeat, reiterate and reallege each and every prior allegation with the same force and effect as if herein set forth at length.

30.  The DPL defines domestic partner beneficiaries so as to exclude all members of households consisting of persons of the same sex, though they be one financial unit, except those fitting the narrow definition of domestic partner contained in the DPL: homosexual couples.

31.  That the DPL is thus illegally discriminatory in granting a financial benefit in favor of homosexual couples to the detriment of other same sex member households in the same financial situation who do not have a homosexual relationship.

32.  That the DPL is thus directly violative of that portion of the Constitution of the United States, Article XIV, Section 1, commonly known as the "Equal Protection Clause", and fails as unconstitutional.

## AS AND FOR A FOURTH CAUSE OF ACTION

33.  Plaintiffs repeat, reiterate and reallege each and every prior allegation with the same force and effect as if herein set forth at length.

34.  That the DPL unfairly and invidiously discriminates against non-homosexual same sex members of a household unit in

6

violation of the laws of the State of New York, and therefore must be declared invalid as violative of the laws of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION

35. Plaintiffs repeat, reiterate and reallege each and every prior allegation with the same force and effect as if herein set forth at length.

36. That the Domestic Relations Law of the State of New York (hereinafter "DRL") limits legitimate domestic unions to heterosexual marriages; a marriage may only exist between a man and a woman.

37. That marriage defined by the DRL of the State of New York imposes particular financial and other legal obligations on spouses which are not imposed on other so-called "domestic units."

38. New York State law imposes no such obligations on domestic partners as defined by the DPL.

39. That by providing the employee benefits of the DPL, NEW ROCHELLE has by local ordinance exceeded its authority by legislating in an area reserved under the New York State Constitution to the State itself.

40. That in purporting to legislate as it has done, NEW ROCHELLE has recognized for taxpayer-funded benefits a category of citizens for a gift of public funds that is not recognized by

New York State law as otherwise entitled thereto, in violation of the Constitution of the State of New York.

41. New York State implicitly prohibits the legal recognition of same sex domestic partnerships (homosexual unions) as equivalent to marriages. Domestic partnerships, as narrowly defined by NEW ROCHELLE in its DPL, are given taxpayer funds to support such unions. This is inconsistent with the law of New York in that it implicitly recognizes an equivalency between married or familial status and homosexual or other non-married and non-familial domestic relationships for purposes of employment benefits.

42. That the DPL, a local ordinance, therefore must be declared invalid as violative of the law of New York.

## AS AND FOR A SIXTH CAUSE OF ACTION

43. Plaintiffs repeat, reiterate and reallege each and every prior allegation with the same force and effect as if herein set forth at length.

44. That NEW ROCHELLE did not comply with applicable local law because the DPL as adopted confers employment benefits upon the members of the NEW ROCHELLE City Council themselves. This is not authorized and constitutes an impermissible increase in compensation to the defendant City Council members.

45. Accordingly, the DPL was illegally adopted and enacted and must for this reason be declared invalid.

8

**WHEREFORE**, plaintiffs demand judgment of this Court declaring the legislation adopted and enacted illegal, void and a nullity, together with the costs of this action. action.

Dated:    New York, New York
          December 13, 2005

                              Yours,

                              BELAIR & EVANS LLP

                              By: _____
                                  RAYMOND W. BELAIR (9297)
                              A Member of the Firm
                              Attorneys for Plaintiffs
                              61 Broadway, Suite 1320
                              New York, New York  10006
                              (212) 344-3900


TO:   Timothy Idoni
      City Hall
      515 North Avenue
      New Rochelle, New York 10801

      Noam Bramson
      City Hall
      515 North Avenue
      New Rochelle, New York 10801

      Marianne L. Sussman
      City Hall
      515 North Avenue
      New Rochelle, New York 10801

      Roberto Lopez
      City Hall
      515 North Avenue
      New Rochelle, New York 10801

      James C. Stowe
      City Hall
      515 North Avenue
      New Rochelle, New York 10801

9

John M. Quinlan
City Hall
515 North Avenue
New Rochelle, New York 10801

Michael E. Boyle, Jr.
City Hall
515 North Avenue
New Rochelle, New York 10801

The City of New Rochelle
City Hall
515 North Avenue
New Rochelle, New York 10801